T.C. Summary Opinion 2005-184


UNITED STATES TAX COURT


RICHARD LEWIS FIELD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9552-04S.          Filed December 19, 2005.


Richard Lewis Field, pro se.

David B. Mora, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2000 a deficiency in petitioner's Federal income tax of $16,166.57 and an accuracy-related penalty of $3,233.40 under section 6662(a).

After concessions,[1] the issues for decision are whether petitioner: (1) Is entitled to claimed deductions on Schedule C, Profit or Loss From Business, in excess of those allowed by respondent, (2) is entitled to charitable contribution deductions on Schedule A, Itemized Deductions, in excess of those allowed by respondent, and (3) is liable for an accuracy-related penalty under section 6662(a).

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Houston, Texas, at the time the petition was filed.

During 2000, petitioner was a mechanical engineer employed by Lockheed Martin Corporation. Attached to his 2000 Form 1040,

---

[1]Respondent concedes that petitioner: (1) Does not need to include in gross income for 2000 an IRA distribution of $6,365; (2) is not liable for a 10-percent additional tax for an early distribution from a qualified retirement plan of $637; (3) is allowed a deduction for charitable contributions on Schedule A of $5,993; (4) is allowed a deduction for investment interest on Schedule A of $1,145; and (5) is allowed an adjustment to gross receipts of $4,052 for cost of goods sold. Respondent also concedes that petitioner is allowed additional deductions of $246 and $176 on Schedule C, but it is unclear to what expenses these additional deductions relate. Petitioner concedes in his petition that interest of $15,267 and utilities of $650 should be deleted from Schedule C. The parties also agree that petitioner must include as income dividends of $765 for 2000.

U.S. Individual Income Tax Return, was a Schedule C which listed seven different activities: (1) Richard L. Field, Ph.D, Consulting Engineer; (2) Sol Pub Co.; (3) Field Investment Management; (4) Field Oil and Gas; (5) Field Vehicle Sales; (6) Field Real Estate; and (7) Field Entertainment.

Petitioner was also a volunteer with the Houston Symphony Chorus (Chorus). From July 8 through 17, 2000, he traveled with the Chorus on a tour of England and Wales at a cost of $1,545.93. Petitioner deducted the travel expenses related to this tour as charitable contributions on Schedule A.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not present evidence or argument that he satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

A. Deductions Claimed on Schedule C

Tax deductions are a matter of legislative grace with a taxpayer bearing the burden of proving entitlement to the deductions claimed. Rule 142(a)(1); INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers are required to maintain sufficient records to establish the amounts of income and deductions. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs.

Both sections 162 and 212 allow deductions for ordinary and necessary expenses paid or incurred during the taxable year. Section 162(a) requires that the expenses be paid or incurred in carrying on a trade or business. Section 212 requires only that the expenses be paid or incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. Sec. 212(1) and (2).

For 2000, petitioner listed seven activities on his Schedule C: (1) Richard L. Field, Ph.D., Consulting Engineer, a solar energy consulting activity; (2) Sol Pub Co., which involved sales of solar books; (3) Field Investment Management; (4) Field Oil and Gas; (5) Field Vehicle Sales; (6) Field Real Estate; and (7) Field Entertainment. Petitioner admits that he had no income or expenses for the oil and gas, real estate, and entertainment activities in 2000 and that he should not have included them on Schedule C. The parties agree that Sol Pub Co. and Field Vehicle

Sales are businesses.[2]  The parties disagree on whether Field Investment Management is a business and whether the associated expenses are ordinary and necessary.

The Court finds, after a review of the record, that petitioner's activities with respect to Field Investment Management amount to personal investment management and not a trade or business.  Petitioner was employed full time as a mechanical engineer.  He did not have a written business plan for his alleged investment advisory service.  In his credit card accounts, petitioner did not segregate his personal expenses from his business expenses.  Although petitioner had been involved in his investment activity for 40 years, petitioner had not earned any income from the investment activity prior to 2001.  Thus, Field Investment Management had no income for the year 2000.

Petitioner further testified that he did not have any clients for whom he invested or managed money.  All investment accounts were held in his name.  During 2000, he had never charged any person a commission or fee for his alleged investment advisory service.  Petitioner conceded that the totality of the commissions and fees claimed as expenses on his Schedule C were related to his own personal investment activities.

---

[2]Although petitioner listed "Richard L. Field, Ph.D., Consulting Engineer" on Schedule C, he correctly reported the wages from his employer, Lockheed Martin Corporation, on line 7 of his return.  Petitioner did not argue that any of the expense deductions claimed on Schedule C were related to his employment.

Personal investment management does not constitute the carrying on of a trade or business, irrespective of the extent of the investments or the amount of time required to perform the managerial functions. Whipple v. Commissioner, 373 U.S. 193, 199-200 (1963); Higgins v. Commissioner, 312 U.S. 212, 216 (1941); Wilson v. United States, 376 F.2d 280, 293 (1967). Petitioner's investment activities, as a whole, are not sufficient to constitute the carrying on of a trade or business within the meaning of section 162. Consequently, any deduction allowable in connection with activities relating to personal investment management must meet the requirements under section 212. See Commissioner v. Groetzinger, 480 U.S. 23, 30 n.9 (1987).

"Ordinary and Necessary" Expenses Under Section 212

Section 212 allows as a deduction all ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. Sec. 212(1) and (2). "Ordinary and necessary" means that the expenses must be reasonable in amount and must bear a reasonable and proximate relation to the production or collection of taxable income. Bingham's Trust v. Commissioner, 325 U.S. 365, 370 (1945); sec. 1.212-1(d), Income Tax Regs.

Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. A taxpayer must show that any claimed business expenses were incurred primarily for business rather than personal reasons. See Rule 142(a). To show that an expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. See Walliser v. Commissioner, 72 T.C. 433, 437 (1979).

1.  Traveling Expenses

On Schedule C, petitioner claimed a deduction of $2,073.50 for traveling expenses. Petitioner made a total of 54 trips in year 2000 for the purpose of "business development" in connection with Field Investment Management. He produced a copy of the pages from his day planner which set forth the name of the "client", the mileage traveled, the date, and the alleged business purpose of each trip. On the 54 trips taken, petitioner met with a total of four different persons. Petitioner's day planner shows that he met with a Ms. Hurd, a person whom he identified as an employee of Comerica Bank, on 38 of the trips. He testified that he met with her to give investment advice. He did not provide any information regarding the other three persons.

Petitioner's investment activities do not constitute a trade or business.  Petitioner has failed to show that the traveling expenses are related to the production of income or the conservation of property held for the production of income.  The Court finds that petitioner's trips were personal in nature.  Under section 262, petitioner's deduction for traveling expenses is disallowed.

2.  <u>Meals and Entertainment</u>

For 2000, petitioner claimed deductions of $409[3] for meals and entertainment expenses.  Petitioner produced a spreadsheet that summarily listed the date, the amount of the meal, the miles traveled, the name of the "client", and the alleged business purpose of each meal.  The alleged business purpose was described broadly, such as "bank investment", "mortgages", "real estate investment", and "bond market".  None of the alleged business purposes related to petitioner's personal investment management.

The Court has already found that petitioner did not carry on a trade or business.  Therefore, petitioner must show that the meals are sufficiently related to the production of income or the conservation of property held for the production of income in connection with his personal investment management.  Petitioner

---

[3]At trial, petitioner testified that he claimed $219 for meals and entertainment expenses incurred during the trips.  It is unclear as to which activity the remaining expenses relate.

has failed to meet his burden of proof, and the deductions are accordingly disallowed.

    3.    Other Expenses Reported on Schedule C

    For 2000, petitioner claimed deductions for the following expenses paid by Field Investment Management: (1) $2,056 for commissions and fees; (2) $692 for office expenses; (3) $225 for office supplies; (4) $103 for computer repair and maintenance; and (5) $514 for a computer.

    Petitioner provided copies of miscellaneous checks, receipts, and invoices to substantiate the office expenses, the cost of the computer and its repair and maintenance, and supplies for 2000.  Petitioner's evidence sufficiently documents the amount of the expenses incurred.  However, he has not sufficiently shown that such expenses were incurred primarily to benefit his investment activities rather than for personal reasons.  Therefore, the deductions are disallowed under section 262.

    As for the commissions and fees, petitioner provided a stack of statements from numerous credit card companies to substantiate their deductibility.  He contends that the cash advance charges and the annual fees charged by the banks were used to fund demonstration stock portfolios for Field Investment Management. However, petitioner has not presented any evidence with respect

to the status or existence of such demonstration stock portfolios.

When the fees and the items charged to the credit cards are analyzed as a whole, it appears that the credit cards were used primarily for personal reasons, and the fees are proximately related to the personal use. The fees shown in the credit card statements can be roughly categorized as annual fees, cash advance finance charges, general finance charges, late fees, over-the-limit fees, check transaction fees, and Internet connection charges. Some of the statements included charges for personal items. When questioned at trial, petitioner admitted that charges from merchants such as "drugstore.com", "Kroger", and "York Photo Labs" were personal. Therefore, the commissions and fees deductions are disallowed under section 262.

In sum, the Court sustains respondent's determination, to the extent not conceded by him, that petitioner is not entitled to the deductions for traveling expenses, meals and entertainment expenses, and other expenses claimed on Schedule C.

B. <u>Charitable Contributions</u>

Section 170(a) allows as a deduction a charitable contribution, payment of which is made within the taxable year. A charitable contribution includes a contribution or gift to or for the use of a corporation, trust, community chest, fund, or foundation organized and operated exclusively for religious,

charitable, scientific, literary, or educational purposes.  Sec.
170(c)(2)(B).  No deduction is allowed under section 170 for a
contribution of services.  However, unreimbursed expenditures
made incident to the rendition of services to a charitable
organization may constitute a deductible contribution.  Sec.
1.170A-1(g), Income Tax Regs.  Allowable deductions include
transportation expenses and reasonable expenses for meals and
lodging necessarily incurred while away from home.  Id.

Section 170(j) prohibits a deduction for, inter alia,
unreimbursed traveling expenses incurred incident to the
rendition of charitable services, "unless there is no significant
element of personal pleasure, recreation, or vacation in such
travel."  The meaning of a "significant element of personal
pleasure, recreation, or vacation" is far from self-evident.  An
inquiry into the legislative history of this provision provides
some insight.  The House report states:

> In determining whether travel away from home involves a
> significant element of personal pleasure, recreation,
> or vacation, the fact that a taxpayer enjoys providing
> services to the charitable organization will not lead
> to denial of the deduction. * * * A taxpayer who only
> has nominal duties relating to the performance of
> services for the charity, or who for significant
> portions of the trip is not required to render
> services, is not allowed any deduction for travel
> costs.  [H. Rept. 99-426 (1985); 1986-3 C.B. (Vol. 2)
> 129].

The example makes clear that the relevant inquiry is the extent and duration of the charitable services provided by the taxpayer, and not some quantum measure of pleasure derived by the taxpayer.

Petitioner traveled to England and Wales with the Chorus and deducted his travel expenses as charitable contributions on Schedule A. Respondent contends that petitioner's trip expenses are not deductible because the trip involved elements of personal pleasure, recreation, or vacation.

The record contains an itinerary of petitioner's trip. An examination of the itinerary reveals that approximately 25 hours of rehearsal and performance time were required. The itinerary also reveals that each day provided opportunities for scheduled or independent sightseeing trips. There were scheduled sightseeing trips on 4 days of the 8-day trip. On 2 of the remaining days, opportunities for independent sightseeing were provided. The blocks of time set aside for sightseeing, either scheduled or independent, totaled approximately 37 hours.

Petitioner testified that he did not take advantage of the independent sightseeing opportunities. "You can be sure at my age I was either reading, sleeping, or resting from jet lag during those times and not sightseeing." It is well established that the Court is not required to accept petitioner's self-serving testimony in the absence of corroborating evidence.

Niedringhaus v. Commissioner, 99 T.C. 202, 219 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

The Court finds that elements of personal pleasure, recreation, or vacation constituted a significant element of petitioner's trip. The Court concludes that section 170(j) prohibits a deduction for the traveling expenses incurred on his trip to England and Wales. Accordingly, respondent is sustained on this issue to the extent not conceded by him.

C.    Accuracy-Related Penalty

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax. Higbee v. Commissioner, 116 T.C. at 446-447. In order to meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the accuracy-related penalty. Id. at 446. Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect. Id. at 446-447.

Respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a). Section 6662(a) imposes a 20-percent penalty on the portion of an understatement attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial

understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioner failed to keep adequate books and records to substantiate the deductions he claimed. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. There is also an understatement of tax greater than $5,000. The Court concludes that respondent has produced sufficient evidence to show that the

accuracy-related penalty under section 6662 is appropriate. Nothing in the record indicates petitioner acted with reasonable cause and in good faith.  The Court holds that the record supports respondent's determination that petitioner is liable for the accuracy-related penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be

entered under Rule 155.